## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:19-CV-80633-ROSENBERG (SEALED CASE)

SECURITIES AND EXCHANGE COMMISION,

      Plaintiff,

v.

NATURAL DIAMONDS INVESTMENT CO.,
EAGLE FINANCIAL DIAMOND GROUP INC.
 a/k/a DIAMANTE ATERLIER,
ARGYLE COIN, LLC,
JOSE ANGEL AMAN,
HAROLD SEIGEL, &
JONATHON H. SEIGEL,

      Defendants,

H.S. MANAGEMENT GROUP LLC,
GOLD 7 OF MIAMI, LLC,
WINNERS CHRUCH INTERNATIONAL INC.
OF WEST PALM BEACH, FLORIDA,
FREDERICK D. SHIPMAN, &
WHITNEY SHIPMAN,

      Relief Defendants.

_____/

### ORDER GRANTING TEMPORARY RESTRAINING
### ORDER, ASSET FREEZE, AND OTHER EMERGENCY RELIEF

**This cause** comes before the Court upon the Emergency Motion by Plaintiff  Securities

and Exchange Commission for the following orders with respect to Defendants Natural Diamonds

Investment Co. ("NDIC"), Eagle Financial Diamond Group Inc. ("Eagle"), Argyle Coin, LLC

('Argyle"), Jose Angel Aman ("Aman"), Harold Seigel ("H. Seigel"), and Johnathan H. Seigel ("J.

Seigel") and Relief Defendants H.S. Management Group LLC, Gold 7 of Miami, LLC, Winners

1

Church International Inc. of West Palm Beach, Florida, Frederick D. Shipman and Whitney Shipman, seeking:

1.      a Temporary Restraining Order;

2.      an Order to Show Cause Why a Preliminary Injunction Should Not be Granted;

3.      an Order Freezing the Assets of Defendants and Relief Defendants;

4.      an Order Requiring Sworn Accountings;

5.      an Order Prohibiting Destruction of Documents; and

7.      an Order Expediting Discovery.

The Court has considered the Commission's Complaint, its Emergency Motion for a Temporary Restraining Order and Other Relief and Memorandum of Law in Support, and the declarations and exhibits filed in support of that motion. The Court finds the Commission has made a sufficient and proper showing in support of the relief granted herein by: (i) presenting a prima facie case of securities laws violations by Aman and Argyle Coin; and (ii) showing a reasonable likelihood Aman and Argyle Coin will harm the investing public by continuing to violate the federal securities laws unless they are immediately restrained. The Court also finds good cause to believe that unless immediately enjoined by Order of this Court, Aman and Argyle Coin will continue to dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an Order of Disgorgement.

Accordingly, the motion is **GRANTED**, and the Court hereby orders as follows:

## I.      <u>SHOW CAUSE HEARING</u>

**IT IS HEREBY ORDERED** that Defendants show cause, if any, before the Honorable of this Court, at **10:00 AM on Thursday, May 23, 2019** in Courtroom 1, United States Courthouse, in West Palm Beach, Florida, or as soon thereafter as the matter can be heard, why a Preliminary

Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted against Defendants, as requested by the Commission.

## II.   TEMPORARY RESTRAINING ORDER

A.  Section 17(a)(l) of the Securities Act

**IT IS ORDERED AND ADJUDGED** that, pending further Order of the Court, Defendants Argyle Coin and Aman are preliminarily restrained and enjoined from violating Section 17(a)(l) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(l ), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; or (E) the misappropriation of investor funds or investment proceeds;

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Aman or Argyle Coin's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Argyle Coin or Aman.

B.  Section 17(a)(2) of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending further Order of the Court, Defendant Aman is preliminarily restrained and enjoined from violating Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; or (E) the misappropriation of investor funds or investment proceeds;

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Aman's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Aman.

C.  Section 17(a)(3) of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending further Order of the Court, Defendants Argyle Coin and Aman are preliminarily restrained and enjoined from violating Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3), in the offer or sale of any security

by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; or (E) the misappropriation of investor funds or investment proceeds;

      **IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Aman or Argyle Coin's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Argyle Coin or Aman.

    D. <u>Section 10(b) and Rule 10b-5(a) of the Exchange Act</u>

      **IT IS FURTHER ORDERED AND ADJUDGED** that, pending further Order of the Court, Defendants Argyle Coin and Aman and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 10(b) and Rule 10b-5(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly

(i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; or (E) the misappropriation of investor funds or investment proceeds;

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Aman or Argyle Coin's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Argyle Coin or Aman.

E.  Section 10(b) and Rule 10b-5(b) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending further Order of the Court, Defendant Aman and his respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, is hereby restrained and enjoined from violating: Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(b) 17 C.F.R. § 240.10b-5(b), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities;

(B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; or (E) the misappropriation of investor funds or investment proceeds;

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Aman 's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Aman.

F.  Section 10(b) and Rule 10b-5(c) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending further Order of the Court, Defendants Argyle Coin and Aman and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 10(b) of the Exchange Act 15 U.S.C. § 78j(b) and Exchange Act Rule 10b-5(c) 17 C.F.R. § 240.10b-5(c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; or (E) the misappropriation of investor funds or investment proceeds;

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Aman or Argyle Coin's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Argyle Coin or Aman.

G.   Sections 5(a) and 5(c) of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending further Order of the Court, that Defendants Argyle Coin and Aman and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of

the registration statement) any public proceeding or examination under Section 8 of the

Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of

Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual

notice of this Preliminary Injunction by personal service or otherwise: (a) any of Aman or Argyle

Coin's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in

active concert or participation with Argyle Coin or Aman.

### III.   <u>ASSET FREEZE</u>

<u>Asset Freeze As To Defendants Aman, Argyle Coin,
and H. Seigel, and Relief Defendant H.S. Management</u>

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request

for a Preliminary Injunction:

A.      Defendants Aman, H. Seigel, and Argyle Coin and Relief Defendant H.S. Management

and their respective directors, officers, agents, servants, employees, attorneys,

depositories, banks, and those persons in active concert or participation with any one

or more of them, and each of them, who receive notice of this order by personal service,

mail, email, facsimile transmission or otherwise, be and hereby are, restrained from,

directly or indirectly, transferring, setting off, receiving, changing, selling, pledging,

assigning, liquidating or otherwise disposing of, or withdrawing any assets or property,

including but not limited to cash, free credit balances, fully paid for securities, personal

property, real property, and/or property pledged or hypothecated as collateral for loans,

or charging upon or drawing from any lines of credit, owned by, controlled by, or in

the possession of, whether jointly or singly, and wherever located:

    i.   Natural Diamonds;

    ii.   Eagle Financial;

   iii.   Argyle Coin, LLC;

   iv.   H.S. Management Group LLC;

    v.   Harold Seigel; and

   vi.   Jose Angel Aman;

B.    Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendants Aman, H. Seigel, and Argyle Coin and Relief Defendant H.S. Management, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets, including, but not limited to, the following presently known bank accounts:

| Account Name | Bank and Location |
| --- | --- |
| Argyle Coin, LLC<br>Account ending 3766 | PNC Bank<br>Palm Beach, FL |
| Argyle Coin, LLC<br>Account ending 2316 | Bank of America<br>Palm Beach, FL |

### Asset Freeze as to Relief Defendant Gold 7

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction:

Relief Defendant Gold 7 of Miami, LLC ("G-7") and it respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or

10

participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, email, facsimile transmission or otherwise, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property of Natural Diamonds Investment Co., Eagle Financial Diamond Group, Inc., Jose Aman, and Argyle Coin, LLC, including but not limited to diamonds Aman or any of his entities has given, pledged, consigned, loaned, or otherwise transferred to G-7.

<u>Asset Freeze as to Relief Defendant Winners Church</u>

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction:

A.  Defendants Relief Defendant Winners Church and its respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, email, facsimile transmission or otherwise, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located:

  i.  Natural Diamonds;

  ii.  Eagle Financial;

  iii.  Argyle Coin, LLC;

    iv.   H.S. Management Group LLC;

    v.   Harold Seigel; and

    vi.   Jose Angel Aman;

B.  Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendants Aman, H. Seigel, and Argyle Coin and Relief Defendant H.S. Management, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C.  This asset freeze is limited to the amount Winners Church received from the securities fraud, which is estimated at this time to be $1 million.

<u>Asset Freeze as to Relief Defendants F. Shipman and W. Shipman</u>

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction:

A.  Defendants Relief Defendants F. Shipman and W. Shipman and their respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, email, facsimile transmission or otherwise, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances,

fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located:

      i.   Natural Diamonds;

     ii.   Eagle Financial;

   iii.   Argyle Coin, LLC;

   iv.   H.S. Management Group LLC;

    v.   Harold Seigel; and

   vi.   Jose Angel Aman;

B. Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Relief Defendants F. Shipman and W. Shipman, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

C. This asset freeze is limited to the amounts F. Shipman and W. Shipman received from the securities fraud, which is estimated at this time to be $700,000 for F. Shipman and $40,000 for W. Shipman.

## IV.    <u>SWORN ACCOUNTINGS</u>

A.  <u>Accounting and Identification of Accounts by Aman</u>

**IT IS FURTHER ORDERED** that two days prior to the Show Cause Hearing, Defendant NDIC shall:

(a) make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received, directly or indirectly, by Aman;

(b) make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by Aman, jointly or individually, or for its direct or indirect beneficial interest, or over which it maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c) provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which he (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

B.  <u>Accounting and Identification of Accounts by Argyle Coin</u>

**IT IS FURTHER ORDERED** that two days prior to the Show Cause Hearing, Defendant Argyle Coin shall:

(a) make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of

any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received by Argyle Coin directly or indirectly;

(b) make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by Argyle Coin, jointly or individually, or for his direct or indirect beneficial interest, or over which it maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c) provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which it (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which it has the power or right to exercise control.

C. <u>Accounting and Identification of Accounts by Relief Defendant H.S. Management</u>

**IT IS FURTHER ORDERED** that two days prior to the Show Cause Hearing, Relief Defendant H.S. Management shall:

(a) make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received by H.S. Management directly or indirectly;

(b) make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by H.S. Management, jointly or individually, or for his direct or indirect beneficial interest, or over which it maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c) provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which it (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

D.  Accounting and Identification of Accounts by Gold 7 of Miami ("G-7")

**IT IS FURTHER ORDERED** that two days prior to the Show Cause Hearing, Relief Defendant G-7 shall:

(a) make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received by G-7 directly or indirectly;

(b) make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by G-7, jointly or individually, or for its direct or indirect beneficial interest, or over which it maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c) provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which it (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

16

E.  Accounting and Identification of Accounts by Frederick Shipman ("F. Shipman")

**IT IS FURTHER ORDERED** that two days prior to the Show Cause Hearing, Relief Defendant F. Shipman shall:

(a) make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received by F. Shipman directly or indirectly;

(b) make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by F. Shipman, jointly or individually, or for his direct or indirect beneficial interest, or over which he maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c) provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which he (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

F.  Accounting and Identification of Accounts by Whitney Shipman ("W. Shipman")

**IT IS FURTHER ORDERED** that two days prior to the Show Cause Hearing, Relief Defendant W. Shipman shall:

(a) make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received by V1/. Shipman directly or indirectly;

(b) make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by W. Shipman, jointly or individually, or for his direct or indirect beneficial interest, or over which he maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c) provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which he (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

G. <u>Accounting and Identification of Accounts by Relief Defendant Winners Church</u>

**IT IS FURTHER ORDERED** that two days prior to the Show Cause Hearing, Relief Defendant Winners Church shall:

(a) make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received by G-7 directly or indirectly;

(b) make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by G-7, jointly or individually, or for its direct or indirect beneficial interest, or over which it maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c) provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which it (whether solely or jointly), directly or indirectly

(including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

    H.  <u>Accounting and Identification of Accounts by H. Seigel</u>

    **IT IS FURTHER ORDERED** that two days prior to the Show Cause Hearing, Defendant H. Seigel shall:

    (a) make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received, directly or indirectly, by Aman;

    (b) make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by Aman, jointly or individually, or for its direct or indirect beneficial interest, or over which it maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

    (c) provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which he (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

## V.    <u>RECORDS PRESERVATION</u>

    **IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction, Defendants Argyle, Aman, and H. Seigel and all Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and

they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Defendants Argyle, Aman, and H. Seigel and all Relief Defendants wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## VI.   EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that:

(a)     Discovery in this case is to begin immediately upon entry of this Order.

(b)     All discovery related motions are hereby **REFERRED** to Magistrate Judge Bruce E. Reinhart;

(c)     All responses to the Commission's discovery requests shall be delivered to Amie Riggle Berlin, Esq. at 801 Brickell Avenue, Suite 1800, Miami, Florida 33131 by the most expeditious means available; and

(d)     Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier, and depositions may be taken by telephone or other remote electronic means.

## VII.   <u>RETENTION OF JURISDICTION</u>

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction over this matter and Defendants and Relief Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, at _4:15 p.m._ this _14th_ day of May, 2019.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE