UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-80633-ROSENBERG/REINHART

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

NATURAL DIAMONDS INVESTMENT CO., et al.,

        Defendants.
_____/

## FINAL JUDGMENT AGAINST RELIEF DEFENDANT FREDERICK SHIPMAN

THIS CAUSE is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of Final Judgment Concerning Relief Defendant Frederick Shipman ("Relief Defendant"). DE 149. The Securities and Exchange Commission having filed a Complaint and Relief Defendant having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, it is ORDERED AND ADJUDGED that Plaintiff's Motion [DE 149] is **GRANTED** and the Clerk of the Court shall enter Final Judgment as set forth below:

### I. DISGORGEMENT AND PREJUDGMENT INTEREST

IT IS ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $729,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,595.07, for a total of $732,595.07. Relief Defendant shall satisfy this obligation to the Securities and Exchange

Commission by paying the following amounts in the Court Registry (CRIS Account) on the following time schedule:

- $157,000 payable into the CRIS account within 30 days of the date of this Final Judgment ("Payment 1");

- $143,898 payable into the CRIS account no later than 90 days of the date of this Final Judgment ("Payment 2");

- $143,898 payable into the CRIS account no later than 180 days of the date of this Final Judgment ("Payment 3");

- $143,898 payable into the CRIS account no later than 270 days of the date of this Final Judgment ("Payment 4"); and

- $143,901.07 payable into the CRIS account no later than 360 days of the date of this Final Judgment ("Final Payment").

These transfers to the Court Registry from the Relief Defendant or any of Relief Defendant's financial accounts, wherever situated, are not violations of the June 11, 2019, asset freeze order imposed against Relief Defendant [D.E. 59]. Relief Defendant may use funds or assets currently subject to the asset freeze order to make these payments to the Court Registry – and only to the Court Registry – to satisfy this Judgment. Accordingly, financial institutions are hereby authorized to transfer Relief Defendant's funds to the Court Registry upon the Relief Defendant's request to satisfy this Judgment. Moreover, SunTrust Bank, which currently holds funds pursuant to the Court's Order imposing an asset freeze against Frederick Shipman (the "Frederick Shipman Frozen Funds") is hereby directed to transfer the Frederick Shipman Frozen Funds to the CRIS Account pursuant to the foregoing schedule. Counsel for Frederick Shipman shall provide instructions to SunTrust Bank for making this transfer.

When each payment is made to the Court Registry, Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Amie Riggle Berlin, Esq., 801 Brickell Avenue, Suite 1800, Miami, FL 33131, berlina@sec.gov.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The amount of Relief Defendant's funds that are frozen pursuant to the asset freeze imposed against Relief Defendant by this Court on June 11, 2019 [D.E. 59] (the "Asset Freeze") will be decreased gradually as payments are made to the Court Registry, as follows:

- Upon Relief Defendant timely paying Payment 1 in full and notifying the Commission of such payment, under the terms set forth above, the amount of the Asset Freeze against Relief Defendant will be reduced accordingly, from $729,000 to $572,000;

- Upon Relief Defendant timely paying Payment 2 in full and notifying the Commission of such payment, under the terms set forth above, the amount of the Asset Freeze against Relief Defendant shall be reduced to $428,102;

- Upon Relief Defendant timely paying Payment 3 in full and notifying the Commission of such payment, under the terms set forth above, the amount of the Asset Freeze against Relief Defendant shall be reduced to $284,204;

- Upon Relief Defendant timely paying Payment 4 in full and notifying the Commission of such payment, under the terms set forth above, the amount of the Asset Freeze against Relief Defendant shall be reduced to $140,306; and

- Upon Relief Defendant timely paying the Final Payment in full and notifying the Commission of such payment, under the terms set forth above, the amount of the Asset

Freeze against Relief Defendant shall be reduced to $0 such that no asset freeze remains in effect against the Relief Defendant.

Upon timely receipt of the Final Payment from the Relief Defendant, the Commission shall promptly notify the Court and seek an Order that the Asset Freeze imposed against the Relief Defendant is terminated in its entirety.

Upon any Order of disgorgement against Defendants Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., a/k/a Diamante Atelier, Argyle Coin, LLC, or Jose Angel Aman, the Receiver may file a motion for the Funds to be transferred to the Receiver.  The Receiver shall then hold the Funds and may propose a plan to distribute the Funds subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Funds pursuant to the Order appointing the Receiver in this case.  If the Commission staff or Receiver determines that the Funds will not be distributed, the Receiver shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.  INCORPORATION OF RELIEF DEFENDANT'S CONSENT

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

## III.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IV.  RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 10th day of December, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE