UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-80633-ROSENBERG/REINHART

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

NATURAL DIAMONDS INVESTMENT CO., et al.,

        Defendants.

_____/

**FINAL JUDGMENT AGAINST RELIEF DEFENDANT WINNERS CHURCH**

THIS CAUSE is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of Final Judgment Concerning Relief Defendant Winners Church International Inc. of West Palm Beach, Florida ("Relief Defendant"). DE 148. The Securities and Exchange Commission having filed a Complaint and Relief Defendant having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, it is ORDERED AND ADJUDGED that Plaintiff's Motion [DE 148] is **GRANTED** and the Clerk of the Court shall enter Final Judgment as set forth below:

**I. DISGORGEMENT AND PREJUDGMENT INTEREST**

IT IS ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $1,249,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,159.45, for a total of $1,255,159.45. Relief Defendant shall satisfy this obligation to the Securities and Exchange

Commission by placing $1,255,159.45 (the "Funds") into the Court Registry (CRIS Account) within 30 days of the date of this Final Judgment.  SunTrust Bank, which currently holds funds pursuant to the Court's Order imposing an asset freeze against Winners Church (the "Winners Church Frozen Funds") is hereby directed to transfer the Winners Church Frozen Funds to the CRIS Account.  Counsel for Winners Church shall provide instructions to SunTrust Bank for making this transfer.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Amie Riggle Berlin, Esq., 801 Brickell Avenue, Suite 1800, Miami, FL 33131, berlina@sec.gov.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

Upon timely receipt of the payment in full and notification from the Relief Defendant, under the terms set forth above, the Commission shall promptly notify the Court and seek an Order that the Asset Freeze imposed against the Relief Defendant is terminated in its entirety.

Upon any Order of disgorgement against Defendants Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., a/k/a Diamante Atelier, Argyle Coin, LLC, or Jose Angel Aman, the Receiver may file a motion for the Funds to be transferred to the Receiver.  The Receiver shall then hold the Funds and may propose a plan to distribute the Funds subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Funds pursuant to the Order appointing the Receiver in this case.  If the Commission staff or Receiver determines that the Funds will not be distributed, the Receiver shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 30 days following entry of this Final Judgment. Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.  INCORPORATION OF RELIEF DEFENDANT'S CONSENT

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

## III.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IV.  RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 10th day of December, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE