SECURITIES AND EXCHANGE COMMISION,

    Plaintiff,

v.

NATURAL DIAMONDS INVESTMENT CO.,
EAGLE FINANCIAL DIAMOND GROUP INC.
  a/k/a DIAMANTE ATERLIER,
ARGYLE COIN, LLC,
JOSE ANGEL AMAN,
HAROLD SEIGEL,
JONATHON H. SEIGEL,

    Defendants,

H.S. MANAGEMENT GROUP LLC,
GOLD 7 OF MIAMI, LLC,
WINNERS CHRUCH INTERNATIONAL INC.
OF WEST PALM BEACH, FLORIDA,
FREDERICK D. SHIPMAN,
WHITNEY SHIPMAN,

    Relief Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
### RELIEF DEFENDANT GOLD 7'S FIFTH AFFIRMATIVE DEFENSE

THIS CAUSE is before the Court on Plaintiff Securities and Exchange Commission's Motion to Strike Relief Defendant Gold 7's Fifth Affirmative Defense. DE 143. The Court has considered the parties' briefing and the pleadings, and is otherwise fully advised in the premises. For the reasons below, the motion is DENIED.

### I.    BACKGROUND

This is an enforcement action against numerous individuals and entities alleged to have played a role in a Ponzi scheme involving colored diamonds. Defendant Jose Angel Aman is an officer of

three entities: Natural Diamonds Investment Co. ("Natural Diamonds"), Eagle Financial Diamond Group Inc, a/k/a Diamante Atelier ("Eagle"), and Argyle Coin, LLC ("Argyle Coin"). The Complaint alleges that Aman solicited investments in Natural Diamonds, promising investors that the funds would be used to procure raw colored diamonds, which would be processed and sold for returns of 24 percent and a full return of investors' principal within two years. The offering was allegedly a Ponzi scheme, in which existing investors' returns were funded by new investors.

As funds in the Natural Diamonds offering depleted, Aman and other Defendants commenced a second offering of investment contracts in Eagle. New investments in this offering funded existing Natural Diamonds and Eagle investors' returns. When the Natural Diamonds and Eagle bank accounts lacked funds to continue the scheme, Aman created Argyle Coin, commencing a cryptocurrency offering purportedly backed by the same diamonds as the Natural Diamonds and Eagle investments.

Relief Defendant Gold 7 of Miami, LLC ("Gold 7") is a pawn shop in Miami, Florida. Aman and Gold 7 entered into consignment agreements, under which Gold 7 allegedly received approximately 40 diamonds belonging to Natural Diamonds and Eagle. Aman used the proceeds of the consignment to obtain personal loans. The Complaint seeks disgorgement of the diamonds from Gold 7 on the basis that they represent ill-gotten gains from the alleged Ponzi scheme. Gold 7 answered the complaint and raised as an affirmative defense, among others, the following:

> As its Fifth Affirmative Defense, Gold 7 states that the Plaintiff comes to Court with unclean hands. Specifically, Plaintiff knew about the alleged Ponzi scheme in 2018, yet it took no actions to stop it thereby allowing Gold 7 to purchase diamonds from Aman that it now claims were stolen. Plaintiff contacted a witness in 2018 and advised said witness that the Plaintiff was aware of the Ponzi scheme and that it was going to take action related to same in 2018. This never materialized. Moreover, each diamond purchased by Gold 7 pursuant to a Secondhand Dealer's Property Form Bill of Sales was reported to the Department of Law Enforcement. If the Plaintiff notified the Department of Law Enforcement of the diamonds they would have been reported stolen by the Department and Gold 7 would not have been able to purchase the diamonds from Aman. The Plaintiff, by failing to do so, is in effect attempting to compensate the alleged victims of the Ponzi Scheme—at the expense of Gold 7—

since the SEC is attempting to disgorge diamonds and monies that Gold 7 has an ownership interest in and legitimate claim to under both state and Federal law, where its own actions (or inactions) were a contributing cause to the ability of Aman to sell diamonds that it now claims were stolen from the alleged investors. [citations omitted] In this regard, the SEC sues Gold 7 with unclean hands and it should not be permitted in equity to recover against Gold 7 when Gold 7 would never have purchased the diamonds has [sic] the SEC not failed to act in 2018 when it was advising potential persons with information that it was about to file claims against Aman and/or his companies.

DE 77 at 30. Plaintiff now moves the Court to strike this affirmative defense pursuant to Federal Rule of Civil Procedure 12(f).

## II. LEGAL STANDARD

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1357, 1358 (S.D. Fla. 2009) (quoting *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005)). However, striking a pleading is disfavored and is generally considered "a drastic remedy resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).

## III. ANALYSIS

The doctrine of unclean hands is a longstanding equitable defense:

The governing principle is that whenever a party who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him *in limine* . . . .

*Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244–45 (1933) (citation and internal quotation marks omitted). Plaintiff correctly notes that the availability of equitable defenses against government agencies is circumscribed. *United States v. Second Nat'l Bank of N. Miami*, 502 F.2d 535, 548 (5th Cir. 1974) (noting that although equitable principles apply to suits by the United States,

they "will not be applied to frustrate the purpose of its laws or to thwart public policy") (quoting *Pan-Am. Petroleum & Transp. Co. v. United States*, 273 U.S. 456, 506 (1927)).

Some courts have taken this limitation as a categorical proscription. *See, e.g., SEC v. Gulf & W. Industries, Inc.*, 502 F. Supp. 343, 348 (D.D.C. 1980) ("[T]he doctrine of unclean hands is clearly without merit because it may not be invoked against a governmental agency which is attempting to enforce a congressional mandate in the public interest."). Although the defense remains generally inapplicable, modern cases permit the defense "where the agency's misconduct is egregious, and the misconduct results in prejudice to the defense of the enforcement action that rises to a constitutional level and is established through a direct nexus between the misconduct and the constitutional injury." *CFTC v. Mintco LLC*, No. 15-cv-61960, 2016 WL 3944101, at *5 (S.D. Fla. May 17, 2016) (quoting *SEC v. Cuban*, 798 F. Supp. 2d 783, 795 (N.D. Tex. 2011)); *accord SEC v. Downe*, No. 92 CIV 4092, 1994 WL 67826, at *2 (S.D.N.Y. Mar. 3, 1994) (citing *SEC v. Electrs. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988)).

The Court declines to strike the defense at this stage in the proceedings.[1] Plaintiff recognizes that the defense is available to the extent that Gold 7 can demonstrate egregious conduct and constitutional prejudice in the defense of the action. Although this is a demanding standard, the Court is not prepared to hold that Gold 7 cannot possibly meet it based on the pleadings alone. *See SEC v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006) ("The Court is not prepared to say that a defense of unclean hands . . . cannot be maintained under any circumstance. . . . Whether this case presents such a circumstance is a matter that cannot be adjudicated on the face of the pleadings, and must therefore await development of a more complete factual record."); *Downe*, 1994 WL 67826, at *2

---

[1] Although Plaintiff characterizes the Motion as pursuant to Federal Rule of Civil Procedure 12(f)(1), permitting the Court to strike pleadings "on its own," the Motion is effectively under Rule 12(f)(2), permitting the Court to strike pleadings "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Plaintiff filed its Motion to Strike on October 21, 2019, more than four months after Gold 7 filed its answer and more than a month after the deadline for amended pleadings.

(noting that "the Court is skeptical . . . that the alleged misconduct here is sufficiently egregious to give rise to an affirmative defense" but denying a motion to strike an unclean-hands defense because "these issues would be better addressed in a concrete factual setting").

Here, Gold 7 alleges that the SEC delayed in bringing the action and failed to coordinate with other law enforcement agencies, thus allowing Gold 7 to purchase the diamonds that are now at risk of disgorgement. Although the Court recognizes that, without more, a mere delay and lack of coordination in bringing an enforcement action may not ultimately qualify as egregious conduct under these circumstances, that does not warrant striking Gold 7's pleading, "a drastic remedy resorted to only when required for the purposes of justice." *Augustus*, 306 F.2d at 868.

Plaintiff argues that it will be prejudiced by Gold 7's defense because Gold 7 has sought discovery that "would unduly intrude into the Commission's investigative process, or would disproportionately implicate privileged communications or attorney work product." DE 143 at 8–9. This concern is well taken, but it does not make the unclean-hands defense "patently frivolous" or "clearly invalid as a matter of law." *Romero*, 619 F. Supp. 2d at 1358. This Order does not address the propriety of any propounded or contemplated discovery, nor does it preclude the parties from filing an appropriate discovery motion if warranted.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Strike Relief Defendant Gold 7's Fifth Affirmative Defense [DE 143] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 7th day of January, 2020.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE