**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 19-CV-80633-ROSENBERG**

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

v.

NATURAL DIAMONDS INVESTMENT CO., et al.,

                        Defendants

_____/

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF**
**AGAINST THE CORPORATE DEFENDANTS**

        **THIS MATTER** is before the Court upon the Motion by Plaintiff Securities and Exchange

Commission for a Judgment of Permanent Injunction and Other Relief ("Judgment") against

Defendants Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., and Argyle

Coin LLC (collectively "Corporate Defendants").  By the Consent of the Corporate Defendants to

Judgment of Permanent Injunction and Other Relief ("Consent") annexed hereto, without

admitting or denying the allegations of the Complaint (except that the Corporate Defendants admit

the jurisdiction of this Court over them and over the subject matter of this action), the Corporate

Defendants have entered a general appearance, agreed to entry of this Judgment, waived findings

of fact and conclusions of law, and waived any right to appeal from this Judgment.  The Court

finds that good cause exists for entry of the Judgment.  Accordingly,

# I.

## PERMANENT INJUNCTION

### A.  Section 17(a)(1) of the Securities Act

**IT IS ORDERED AND ADJUDGED** that, Defendants Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., and Argyle Coin LLC  are permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Corporate Defendants by State or Federal Enforcement Agencies; (G) the financial status of the Corporate Defendants; or (H) the management of the Corporate Defendants.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of the Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., and/or Argyle Coin LLC officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation Defendants Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., and/or Argyle Coin LLC.

### B. <u>Section 17(a)(3) of the Securities Act</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that, the Corporate Defendants are permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Corporate Defendants by State or Federal Enforcement Agencies; (G) the financial status of the Corporate Defendants; or (H) the management of the Corporate Defendants.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of the Corporate Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Corporate Defendants.

### C.      Section 10(b) and Rule 10b-5(a) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that, Defendants Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., and Argyle Coin LLC, and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 10(b) and Rule 10b-5(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b- 5(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Corporate Defendants by State or Federal Enforcement Agencies; (G) the financial status of the Corporate Defendants; or (H) the management of the Corporate Defendants.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of the Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., and/or Argyle Coin LLC officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendants Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., and Argyle Coin LLC.

        **D.**       **Section 10(b) and Ruleb-5(c) of the Exchange Act**

      **IT IS FURTHER ORDERED AND ADJUDGED** that, Defendants Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., and Argyle Coin LLC and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 10(b) of the Exchange Act  15 U.S.C. § 78j(b) and Exchange Act Rule 10b-5(c) 17 C.F.R. § 240.10b-5(c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; the prospects for success of any product or company; (C) the use of investor funds; (D) the safety of any securities investment; (E) the use of investor funds or investment proceeds; (F) Orders issued against the Corporate Defendants by State or Federal Enforcement Agencies; (G) the financial status of the Corporate Defendants; or (H) the management of the Corporate Defendants.

      **IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of the Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., and Argyle Coin LLC officers, directors,

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., and Argyle Coin LLC.

**E.**      **Sections 5(a) and 5(c) of the Securities Act**

**IT IS FURTHER ORDERED AND ADJUDGED** that, the Corporate Defendants and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby enjoined from violating Section Sections 5(a ) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)      Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)      Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)      Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or

6

examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of the Corporate Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Corporate Defendants.

## II.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that disgorgement of ill-gotten gains, including prejudgment interest, by and the imposition of civil penalties against the Corporate Defendants is appropriate.  However, the Court defers ruling on the amount of any such disgorgement, prejudgment interest, and civil penalties until and unless a motion of the Commission is filed that requests that the Court determine the amount of disgorgement of ill-gotten gains and any prejudgment interest on such disgorgement against the Corporate Defendants, and the amount of a civil penalty against the Corporate Defendants pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), and, if so, the amount(s) of the disgorgement and civil penalties.  If disgorgement of an amount certain is ordered, the Corporate Defendants shall pay prejudgment interest on disgorgement, calculated from February 11, 2021, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for determination of the amount of disgorgement and civil penalties, and at any hearing held on such a motion: (i) the Corporate Defendants will be precluded from arguing the Corporate Defendants did not violate the federal securities laws as

alleged in the Complaint; (ii) the Corporate Defendants may not challenge the validity of the Consent or this Judgment, nor the Commission's entitlement to disgorgement and civil penalties; (iii) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (iv) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for determination of the amount of disgorgement and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and the Corporate Defendants shall comply with all of the undertakings and agreements set forth therein.

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

## V.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida

on this 11th day of February, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies to: Counsel and Parties of Record