UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Palm Beach Division)

Case No. 9:19-CV-80633-ROSENBERG

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

NATURAL DIAMONDS INVESTMENT CO.,
et al.,

    Defendants,

H.S. MANAGEMENT GROUP LLC, et al.,

    Relief Defendants.
_____/

**RECEIVER'S UNOPPOSED NINTH INTERIM APPLICATION
FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES TO THE RECEIVER AND
<u>HIS PROFESSIONALS; INCORPORATED MEMORANDUM OF LAW</u>**

Pursuant to paragraph 52 of Section XIII of the Order Granting Plaintiff Securities and Exchange Commission's Motion for Appointment of Receiver [DE 20] (the "Appointment Order"), Jeffrey C. Schneider, not individually, but solely in his capacity as the Court-appointed receiver (the "Receiver") for Natural Diamonds Investment Co ("NDIC"), Eagle Financial Diamond Group ("EFDG"), and Argyle Coin, LLC ("Argyle"), submits his Ninth Interim Application for allowance and payment of compensation and reimbursement of expenses for the quarterly period of October 1, 2021 through December 31, 2021.

The Receiver has conferred with the only entity that is still a party to this case, the Securities and Exchange Commission (the "SEC"), which has consented to the relief requested herein.

## INTRODUCTION AND BRIEF BACKGROUND

As with his quarterly status report filed earlier this month, the Receiver will not spend significant time here analyzing his prior accomplishments and will instead just briefly highlight his accomplishments this quarter. During this quarter, the Receiver and his team spent significant time evaluating all claims for completeness and accuracy and worked to schedule the auction of diamonds, jewelry and other items the Receiver secured since his appointment. The Eleventh Quarterly Status Report [DE 312] has a more detailed explanation of the Receiver's efforts during the quarter, and the specific details of the work of the Receiver and his professionals are described in more detail below and in the attached time sheets.

## DESCRIPTION OF SERVICES

### I.    The Receiver

The Receiver is a trial attorney who has served as a District Court receiver and receiver's counsel in numerous SEC, FTC, and Commodity Futures Trading Commission cases during his nearly 30-year career. The Receiver is Chair of his law firm's Receivership Practice Group and has served as the firm's Managing Partner since the firm's inception. Because the Receiver views receivership cases as serving the public's interest, the Receiver agreed to substantially reduce his standard hourly rate of $695.00 per hour, which is what the Receiver charges his typical commercial clients, to $395.00 per hour for purposes of this case. The Receiver's $395.00 hourly rate is currently one of the lower receiver rates in the Southern District of Florida in receivership cases. The Receiver also capped his rate during the life of this case.

The Receiver also sought commensurate reductions from all of his professionals. The Receiver also obtained their agreement to cap their rates during the life of this case.

## II.     Information about this Fee Application

This Application has been prepared in accordance with the SEC's Billing Instructions for Receivers in Civil Actions Commenced by the SEC. Pursuant to the Billing Instructions, Exhibit A attached hereto is a Certification by the Receiver confirming, under oath, that this Fee Application complies with the SEC's Billing Instructions.

Exhibit B attached hereto is the updated quarterly Standardized Fund Accounting Report, also known as the SFAR, which is the SEC's accounting form required in civil receivership actions commenced by the SEC.

Exhibit C attached hereto memorializes the professional services rendered by the Receiver, and the necessary and reasonable non-reimbursed out-of-pocket costs attendant to those services. Exhibit C, which was prepared based on the Receiver's contemporaneous daily time records, includes a daily description of the services rendered by the Receiver, along with the hours expended at his reduced hourly rate. Exhibit C reflects that the Receiver billed a total of 15.0 hours, at a reduced hourly rate of $395.00 per hour, for a total of $5,925.00.

Exhibits D, E, and F attached hereto memorialize the professional services rendered by the Receiver's professionals, and the necessary and reasonable non-reimbursed out-of-pocket costs attendant to their services, which are described more fully below.

Exhibit G is a proposed Order granting this Fee Application.

## III.    The Receiver's Counsel and Their Services

Pursuant to paragraph 50 of Section XIII of the Appointment Order, the Receiver was required to obtain permission from this Court to retain his legal counsel. On July 10, 2019, the Receiver filed his Motion to Employ Legal Counsel (the law firms of Sallah Astarita & Cox, LLC (the "Sallah Firm") and Silver Law Group (the "Silver Firm")), which was resolved by agreed order [DE 126]. The Sallah and Silver Firms have dozens of years of receivership experience and have served as receivers or lead counsel to receivers in countless receiverships involving Ponzi

schemes, investment fraud schemes, deceptive telemarketing schemes, and the like in the Southern District of Florida and elsewhere around the Country.  Like the Receiver, the partners and of counsel at the Sallah and Silver Firms have all agreed to substantially reduce their standard hourly rates (which range from $400.00 to $650.00 per hour) to $395.00 per hour in order to further increase potential recoveries for the benefit of the Receivership Estate.  Associates are billed at less than that maximum reduced rate.  They have also agreed to cap their rates during the life of this case.

The Receiver's firm (Levine Kellogg Lehman Schneider + Grossman LLP) has agreed to similar reductions and a cap of $350.00 during the life of this case.  The Receiver has endeavored to prevent duplication of efforts by his attorneys.

The professional services rendered by the Sallah Firm, and the necessary and reasonable non-reimbursed out-of-pocket costs attendant to those services, are described in more detail on Exhibit D.  Exhibit D, which was prepared based on the Sallah Firm's contemporaneous daily time records, includes a daily description of the services rendered, the hours expended, and the attorney's reduced hourly rate.[1]  Exhibit D reflects that the Sallah Firm has charged a total of 1.3 hours for a total of $513.50.

As stated above, the professional services rendered by the Receiver's firm, and the necessary and reasonable non-reimbursed out-of-pocket costs attendant to those services, are described in more detail on Exhibit E.  Exhibit E was prepared based on the Receiver's firm's contemporaneous daily time records, and includes a daily description of the services rendered, the hours expended, and the attorney's reduced hourly rate.  The Receiver's partner, Stephanie Reed Traband, who serves as co-counsel, billed a total of 53.3 hours, at a reduced hourly rate of $350.00

---

[1] Counsels' billing entries in Exhibits D and E consist of "Case Administration" and "Asset Analysis and Recovery" entries pursuant to the SEC's Billing Instructions.

per hour, for a total of $18,655.00. Associate Marcelo Diaz-Cortes spent 79.70 hours evaluating and analyzing claims and working to resolve potential objections. Other associates at the Receiver's firm, Gabriel Lievano and Roman Rodriguez-Tejera, were added to the team to assist in the claims evaluation process (Lievano for 12.8 hours and Rodriguez-Tejera for 33.0 hours). Tony Bell continued his work to confirm that the stay remains in place in the state court cases (7.1 hours). All associates were billed at a reduced rate of $275.00 for a total of $36,465. Finally, the Receiver's paralegals billed a total of 21.1 hours, at a reduced hourly rate of $150.00 per hour, for a total of $3,165.00. Exhibit E also reflects that the Receiver's firm incurred costs of $270.70 during the subject period.[2]

 Lastly, Exhibit F reflects the time spent by the accountants retained by the Receiver to prepare and file the 2020 tax returns for the Receivership Entities. On June 3, 2020, this Court entered an order [DE 210] granting the Receiver's unopposed motion to retain Kaufman & Company, P.A. The Court approved the reduced rates proposed by the Receiver and Kaufman and Company for the accounting services to be provided--$382.50 for the primary accountant, Dana Kaufman. Mr. Kaufman's colleagues, from associates to directors, also reduced their hourly rates to a range of $212.50-$361.25. During the subject quarter, Kaufman & Company finished preparing and filing the Receivership Entities' tax returns for 2020.

 The schedules of disbursements for expenses, which are also part of the attached Exhibits, are those actual and necessary expense items, such as photocopy charges, long distance telephone charges, telecopy charges, delivery charges, website maintenance expenses, and various other expenses incurred in connection with this matter. All of these expense items would typically be billed by the Receiver and his professionals to their general commercial clients.

---

[2] The Silver Firm did not have any billable time or expenses during the subject period.

### IV. Summary Chart

For the Court's convenience, the following is a summary of the total fees and costs of the Receiver and his professionals during the subject period covered by this Fee Application:

| Name | Hours | Fees | Expenses | Total |
| --- | --- | --- | --- | --- |
| Receiver | 15.0 | $5,925.00 | $0 | $5,925.00 |
| Sallah Astarita Cox LLC | 1.3 | $513.50 | $0 | $513.50 |
| Levine Kellogg Lehman Schneider + Grossman LLP | 207.0 | $58,285.00 | $13.68 | $58,298.68 |
| Kaufman & Company, P.A. | 12.8 | $4,607.25 | $0 | $4,607.25 |
| **Total** | **236.1** | **$69,330.75** | **$13.68** | **$69,344.43** |

### V. Applicable Legal Standard and Analysis

In determining attorneys' fees, a court must (1) determine the nature and extent of the services rendered; (2) determine the value of those services; and (3) consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d. 714 (5th Cir. 1974). *See Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 877-78 (11th Cir. 1990) (bankruptcy fee award case addressing the issue of attorney's fees generally before considering specific requirements in the bankruptcy context). The twelve factors set forth in *Johnson*, a case involving an award of attorneys' fees under Federal civil rights statutes, as incorporated by the Eleventh Circuit in *Grant*, a bankruptcy case, are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or by the circumstances; (8) the amount involved and results obtained; (9) the experience,

reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

### A. The Time and Labor Required

The foregoing summary description, together with the time records attached hereto, detail the time, nature, and extent of the professional services rendered by the Receiver and his professionals during the period covered by this Application. The Receiver and his professionals believe that the time spent is justified by the results that have been achieved thus far. The Receiver and his professionals believe they have played a significant role during the course of this proceeding and will continue to do so in the future.

### B. The Novelty and Difficulty of the Questions Presented

This case required a high level of skill to secure receivership assets and to carry out the Receiver's many duties.

### C. The Skill Requisite to Perform the Services Properly

In order to perform the required services, substantial legal skill and experience in the areas of commercial law and litigation were required of the Receiver and his professionals. The Receiver is acutely aware of the financial considerations arising in receiverships such as this. Accordingly, as this Court may gather from the Exhibits attached hereto, the Receiver has staffed the administration of this case efficiently under the direction and immediate supervision of the Receiver.

### D. The Preclusion of Other Employment Due to This Case

Although the Receiver and his professionals were not explicitly precluded as a result of this case from accepting other matters, matters in this case were treated by the Receiver and his professionals in an expeditious and professional manner. Also, this case required the Receiver and his professionals to devote a significant amount of time to this case, to the preclusion of expending

time on other active matters.

### E. The Customary Fee

The hourly rates of the Receiver and his professionals set forth on the attached exhibits reflect a rate that is generally lower than the hourly rates billed by the Receiver and his professionals to clients in other cases, as well as rates that are consistent with or even lower than other receivers and their retained law firms in similar matters. The Receiver's and his professionals' reduced rates have been confirmed and approved in many other matters in which the Receiver and his professionals have been involved.

### F. Whether the Fee Is Fixed or Contingent

The compensation of the Receiver and his professionals is subject to the approval of this Court, and the Receiver and his professionals did not receive any compensation for their services for more than 18 months because there were insufficient funds in the receivership accounts during that time. The above factors should be taken into consideration by this Court, and the compensation should reflect the assumption of the risk of non-payment and delay in payment.

### G. The Time Limitations Imposed

This case imposed some time limitations on the Receiver and his professionals due to the necessity for rapid resolutions of issues.

### H. The Experience, Reputation, and Ability of the Professionals

The Receiver and his professionals enjoy a fine reputation and have proven substantial ability in the fields of equity receiverships, litigation, and business reorganization.

### I. The "Undesirability" of the Case

This case is not the least bit undesirable, and the Receiver and his professionals are honored and privileged to serve in this case.

### J. The Nature and Length of Professional Relationship

The Receiver and his professionals have had no prior relationship with the parties in this case prior to the initial related proceeding of the Corporate Monitor Action.

### K. Awards in Similar Cases

The amounts requested by the Receiver and his professionals are not unreasonable in terms of awards in cases of similar magnitude and complexity. The compensation requested by the Receiver and his professionals comports with the mandate of applicable law, which directs that services be evaluated in light of comparable services performed in other cases in the community. As stated above, the hourly rates requested by the Receiver and his professionals are generally lower than the ordinary and usual hourly rates billed by the Receiver and his professionals to not only their ordinary clients, notwithstanding the risks associated with this case, but also other receivers and their retained firms who bill at higher hourly rates.

### L. The Source of Payment for the Amounts Sought Hereunder

The amounts for which payment is requested hereunder shall be paid from funds that are held in the Argyle receivership bank account. The Argyle receivership account was previously funded with the approximate $2 million in settlement monies from Relief Defendants Winners Church/the Shipmans and has been further funded with the Froehlich $750,000 settlement funds and the funds from the auction of the diamonds and pieces of jewelry he has secured in this proceeding.

### **CONCLUSION**

The Receiver respectfully requests that this Court enter the proposed Order, attached as Exhibit G, approving this Ninth Fee Application of payment and reimbursement of the requested fees and costs, and for such other relief that is just and proper.

## LOCAL RULE CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the Receiver hereby certifies that he has conferred with counsel for the SEC. The SEC consents to the relief requested herein.

Dated: February 16, 2022

Respectfully submitted,
**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Co-Counsel for the Receiver*
201 S. Biscayne Blvd., 22nd Floor
Miami, FL 33131
Tel.: (305) 403-8788
Fax: (305) 403-8789

s/ Stephanie Reed Traband
Email: srt@lklsg.com; jhd@lklsg.com
Florida Bar No. 0158471

-and-

**SALLAH ASTARITA & COX, LLC**
*Co-Counsel for the Receiver*
3010 North Military Trail, Suite 210
Boca Raton, FL 33431
Tel.: (561) 989-9080
Fax: (561) 989-9020
**Patrick J. Rengstl, P.A.**
Fla. Bar No. 0581631
Email: pjr@sallahlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Stephanie Reed Traband
STEPHANIE REED TRABAND

**SERVICE LIST**

*Counsel for Securities and Exchange Commission:*
Amie Riggle Berlin, Esq.
Linda S. Schmidt, Esq.
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Email: berlina@sec.gov

*Counsel for Harold Seigel, Jonathan Seigel, and H.S. Management Group LLC:*
Ellen M. Kaplan, Esq.
Law Office of Ellen M. Kaplan P.A.
9900 W Sample Rd Fl 3
Coral Springs, Florida 33065
Email: ellenkaplanesq@aol.com

*Counsel for Gold 7 of Miami, LLC:*
Aaron Resnick, Esq.
Law Offices of Aaron Resnick, P.A.
100 Biscayne Boulevard, Suite 1607
Miami, Florida 33132
E-mail: aresnick@thefirmmiami.com

*Counsel for Winners Church, Frederick Shipman, and Whitney Shipman:*
Carl Schoeppl, Esq.
Terry A.C. Gray, Esq.
Schoeppl Law, P.A.
4651 North Federal Highway
Boca Raton, Florida 33431
Email: carl@schoeppllaw.com
         tgray@schoeppllaw.com

***Via Email****:  Jose Aman, pro se,* E-mail: joseaman123@gmail.com