UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Palm Beach Division)

Case No. 9:19-CV-80633-ROSENBERG

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

NATURAL DIAMONDS INVESTMENT CO.,
et al.,

    Defendants,

H.S. MANAGEMENT GROUP LLC, et al.,

    Relief Defendants.
_____/

**RECEIVER'S UNOPPOSED ELEVENTH INTERIM APPLICATION
FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES TO THE RECEIVER AND
HIS PROFESSIONALS; INCORPORATED MEMORANDUM OF LAW**

Pursuant to paragraph 52 of Section XIII of the Order Granting Plaintiff Securities and Exchange Commission's Motion for Appointment of Receiver [DE 20] (the "Appointment Order"), Jeffrey C. Schneider, not individually, but solely in his capacity as the Court-appointed receiver (the "Receiver") for Natural Diamonds Investment Co ("NDIC"), Eagle Financial Diamond Group ("EFDG"), and Argyle Coin, LLC ("Argyle"), submits his Eleventh Interim Application for allowance and payment of compensation and reimbursement of expenses for the quarterly period of April 1, 2022 through July 31, 2022.[1]

The Receiver has conferred with the only entity that is still a party to this case, the Securities and Exchange Commission (the "SEC"), which does not oppose the relief requested.

---

[1] Although only required to submit entries through the end of June, given that the receivership duties are drawing to a close, the Receiver has extended this request to include time for July to minimize what may be requested in what is expected to be the final fee application.

**INTRODUCTION AND BRIEF BACKGROUND**

As with his quarterly status report filed contemporaneously with this application, the Receiver will not spend significant time here analyzing his prior accomplishments and will instead just briefly highlight his accomplishments this quarter. During this quarter, the Receiver and his team spent significant time fulfilling his mandate to distribute funds to the victims. The Thirteenth Quarterly Status Report has a more detailed explanation of the Receiver's efforts during the quarter, and the specific details of the work of the Receiver and his professionals are described in more detail below and in the attached time sheets.

Pursuant to this Court's order authorizing the Receiver's proposed distribution plan, the Receiver was holding $45,183.42 to pay the fees for the Receiver and his professionals to administer the estate through the end of the receivership, but the fees have exceeded the amount reserved, so the Receiver first proposed a 50% holdback on fees and is now proposing a 100% holdback on fees to ensure that the Receivership Estate has enough funds for any unforeseen issues, even if that means the Receiver and his counsel are not fully compensated. Because there is not enough remaining to pay the Receiver the fees incurred, the Receiver seeks approval of the entire fees incurred, but he proposes a complete holdback of payment of fees, but allowing all costs to be paid, until distribution is complete and the Receivership estate is closing, in the event unforeseen circumstances arise and require payment as the Receiver seeks to finish the distribution and close the estate.

Importantly, because of the scarcity of funds, the Receiver has elected not to bill for his time in this quarter, and has performed his services without seeking compensation. Instead, he has allowed his professionals to bill their time.

**DESCRIPTION OF SERVICES**

I.      **The Receiver**

The Receiver is a trial attorney who has served as a District Court receiver and receiver's counsel in numerous SEC, FTC, and Commodity Futures Trading Commission cases during his nearly 30-year career. The Receiver is Chair of his law firm's Receivership Practice Group and has served as the firm's Managing Partner since the firm's inception. Because the Receiver views receivership cases as serving the public's interest, the Receiver agreed to substantially reduce his standard hourly rate of $695.00 per hour, which is what the Receiver charges his typical commercial clients, to $395.00 per hour for purposes of this case. The Receiver's $395.00 hourly rate is currently one of the lower receiver rates in the Southern District of Florida in receivership cases. The Receiver also capped his rate during the life of this case.

The Receiver also sought commensurate reductions from all of his professionals. The Receiver also obtained their agreement to cap their rates during the life of this case.

II.     **Information about this Fee Application**

This Application has been prepared in accordance with the SEC's Billing Instructions for Receivers in Civil Actions Commenced by the SEC. Pursuant to the Billing Instructions, Exhibit A attached hereto is a Certification by the Receiver confirming, under oath, that this Fee Application complies with the SEC's Billing Instructions.

Exhibit B attached hereto is the updated quarterly Standardized Fund Accounting Report, also known as the SFAR, which is the SEC's accounting form required in civil receivership actions commenced by the SEC.

Exhibit C attached hereto memorializes the professional services rendered by the Receiver's professionals, and the necessary and reasonable non-reimbursed out-of-pocket costs attendant to their services, which are described more fully below.

Exhibit D is a proposed Order granting this Fee Application.

### III. The Receiver's Counsel and Their Services

Pursuant to paragraph 50 of Section XIII of the Appointment Order, the Receiver was required to obtain permission from this Court to retain his legal counsel. On July 10, 2019, the Receiver filed his Motion to Employ Legal Counsel (the law firms of Sallah Astarita & Cox, LLC (the "Sallah Firm") and Silver Law Group (the "Silver Firm")), which was resolved by agreed order [DE 126]. The Sallah Firm and Silver Firm did not incur fees in this quarter.

The Receiver's firm (Levine Kellogg Lehman Schneider + Grossman LLP) has agreed to similar reductions and a cap of $350.00 during the life of this case. The Receiver has endeavored to prevent duplication of efforts by his attorneys.

As stated above, the professional services rendered by the Receiver's firm, and the necessary and reasonable non-reimbursed out-of-pocket costs attendant to those services, are described in more detail on Exhibit C. Exhibit C was prepared based on the Receiver's firm's contemporaneous daily time records, and includes a daily description of the services rendered, the hours expended, and the attorney's reduced hourly rate. The Receiver's partner, Stephanie Reed Traband, who serves as co-counsel, billed a total of 58 hours, at a reduced hourly rate of $350.00 per hour, for a total of $20,300.00. Associates Marcelo Diaz-Cortes and Gabriel Lievano spent 6.7 and 7.9 hours respectively at a reduced rate of $275.00 per hour, for a total of $3,740.00 for associate time. Finally, the Receiver's paralegal billed a total of 37.20 hours, at a reduced hourly rate of $150.00 per hour, for a total of $5,580.00. Exhibit C also reflects that the Receiver's firm incurred costs of $1,524.36 during the subject period.

The schedules of disbursements for expenses, which are also part of the attached Exhibits, are those actual and necessary expense items, such as photocopy charges, long distance telephone charges, telecopy charges, delivery charges, website maintenance expenses, and various other expenses incurred in connection with this matter. All of these expense items would typically be billed by the Receiver and his professionals to their general commercial clients.

IV.     **Summary Chart**

For the Court's convenience, the following is a summary of the total fees and costs of the Receiver and his professionals during the subject period covered by this Fee Application:

| Name | Hours | Fees | Expenses | Total |
|---|---|---|---|---|
| Receiver | Pro bono | Pro bono | $0 | $0 |
| Levine Kellogg Lehman Schneider + Grossman LLP | 108.8 | $29,620.00 | $1,524.36 | $31,144.36 |
| **Total** | **108.8** | **$29,620.00** | **$1,524.36** | **$31,144.36** |

V.     **Applicable Legal Standard and Analysis**

In determining attorneys' fees, a court must (1) determine the nature and extent of the services rendered; (2) determine the value of those services; and (3) consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d. 714 (5th Cir. 1974). *See Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 877-78 (11th Cir. 1990) (bankruptcy fee award case addressing the issue of attorney's fees generally before considering specific requirements in the bankruptcy context). The twelve factors set forth in *Johnson*, a case involving an award of attorneys' fees under Federal civil rights statutes, as incorporated by the Eleventh Circuit in *Grant*, a bankruptcy case, are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or by the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the

client; and (12) awards in similar cases.

### A.     The Time and Labor Required

The foregoing summary description, together with the time records attached hereto, detail the time, nature, and extent of the professional services rendered by the Receiver and his professionals during the period covered by this Application. The Receiver and his professionals believe that the time spent is justified by the results that have been achieved thus far. The Receiver and his professionals believe they have played a significant role during the course of this proceeding and will continue to do so in the future.

### B.     The Novelty and Difficulty of the Questions Presented

This case required a high level of skill to secure receivership assets and to carry out the Receiver's many duties.

### C.     The Skill Requisite to Perform the Services Properly

In order to perform the required services, substantial legal skill and experience in the areas of commercial law and litigation were required of the Receiver and his professionals. The Receiver is acutely aware of the financial considerations arising in receiverships such as this. Accordingly, as this Court may gather from the Exhibits attached hereto, the Receiver has staffed the administration of this case efficiently under the direction and immediate supervision of the Receiver.

### D.     The Preclusion of Other Employment Due to This Case

Although the Receiver and his professionals were not explicitly precluded as a result of this case from accepting other matters, matters in this case were treated by the Receiver and his professionals in an expeditious and professional manner. Also, this case required the Receiver and his professionals to devote a significant amount of time to this case, to the preclusion of expending time on other active matters.

E.  **The Customary Fee**

The hourly rates of the Receiver and his professionals set forth on the attached exhibits reflect a rate that is generally lower than the hourly rates billed by the Receiver and his professionals to clients in other cases, as well as rates that are consistent with or even lower than other receivers and their retained law firms in similar matters.  The Receiver's and his professionals' reduced rates have been confirmed and approved in many other matters in which the Receiver and his professionals have been involved.

F.  **Whether the Fee Is Fixed or Contingent**

The compensation of the Receiver and his professionals is subject to the approval of this Court, and the Receiver and his professionals did not receive any compensation for their services for more than 18 months because there were insufficient funds in the receivership accounts during that time.  The above factors should be taken into consideration by this Court, and the compensation should reflect the assumption of the risk of non-payment and delay in payment.

G.  **The Time Limitations Imposed**

This case imposed some time limitations on the Receiver and his professionals due to the necessity for rapid resolutions of issues.

H.  **The Experience, Reputation, and Ability of the Professionals**

The Receiver and his professionals enjoy a fine reputation and have proven substantial ability in the fields of equity receiverships, litigation, and business reorganization.

I.  **The "Undesirability" of the Case**

This case is not the least bit undesirable, and the Receiver and his professionals are honored and privileged to serve in this case.

J.  **The Nature and Length of Professional Relationship**

The Receiver and his professionals have had no prior relationship with the parties in this

case prior to the initial related proceeding of the Corporate Monitor Action.

### K. Awards in Similar Cases

The amounts requested by the Receiver and his professionals are not unreasonable in terms of awards in cases of similar magnitude and complexity. The compensation requested by the Receiver and his professionals comports with the mandate of applicable law, which directs that services be evaluated in light of comparable services performed in other cases in the community. As stated above, the hourly rates requested by the Receiver and his professionals are generally lower than the ordinary and usual hourly rates billed by the Receiver and his professionals to not only their ordinary clients, notwithstanding the risks associated with this case, but also other receivers and their retained firms who bill at higher hourly rates.

### L. The Source of Payment for the Amounts Sought Hereunder

The amounts for which payment is requested hereunder shall be paid, if available, from funds that are held in the Argyle receivership bank account. The Argyle receivership account was previously funded with the approximate $2 million in settlement monies from Relief Defendants Winners Church/the Shipmans and has been further funded with the Froehlich $750,000 settlement funds and the funds from the sale of the diamonds and pieces of jewelry he has secured in this proceeding.

### CONCLUSION

The Receiver respectfully requests that this Court enter the proposed Order, attached as Exhibit D, approving this Eleventh Fee Application of payment and reimbursement of the requested fees and costs, allowing the Receiver to pay LKLSG its expenses, and otherwise, holding back payment of fees until and if such time that there may additional funds available, and for such other relief that is just and proper.

## LOCAL RULE CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the Receiver hereby certifies that he has conferred with counsel for the SEC. The SEC consents to the relief requested herein.

Dated: August 15, 2022

Respectfully submitted,
**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Co-Counsel for the Receiver*
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, FL 33131
Tel.: (305) 403-8788
Fax: (305) 403-8789

s/ Stephanie Reed Traband
Email: srt@lklsg.com; ph@lklsg.com
Florida Bar No. 0158471

-and-

**SALLAH ASTARITA & COX, LLC**
*Co-Counsel for the Receiver*
3010 North Military Trail, Suite 210
Boca Raton, FL 33431
Tel.: (561) 989-9080
Fax: (561) 989-9020
**Patrick J. Rengstl, P.A.**
Fla. Bar No. 0581631
Email: pjr@sallahlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Stephanie Reed Traband
STEPHANIE REED TRABAND

## SERVICE LIST

*Counsel for Securities and Exchange Commission:*
Amie Riggle Berlin, Esq.
Linda S. Schmidt, Esq.
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Email: berlina@sec.gov

*Counsel for Harold Seigel, Jonathan Seigel, and H.S. Management Group LLC:*
Ellen M. Kaplan, Esq.
Law Office of Ellen M. Kaplan P.A.
9900 W Sample Rd Fl 3
Coral Springs, Florida 33065
Email: ellenkaplanesq@aol.com

*Counsel for Gold 7 of Miami, LLC:*
Aaron Resnick, Esq.
Law Offices of Aaron Resnick, P.A.
100 Biscayne Boulevard, Suite 1607
Miami, Florida 33132
E-mail: aresnick@thefirmmiami.com

*Counsel for Winners Church, Frederick Shipman, and Whitney Shipman:*
Carl Schoeppl, Esq.
Terry A.C. Gray, Esq.
Schoeppl Law, P.A.
4651 North Federal Highway
Boca Raton, Florida 33431
Email: carl@schoeppllaw.com
          tgray@schoeppllaw.com

**Via Email***:   Jose Aman, pro se,* E-mail: joseaman123@gmail.com