UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Palm Beach Division)

Case No. 9:19-CV-80633-ROSENBERG

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

NATURAL DIAMONDS INVESTMENT CO.,
et al.,

    Defendants,

H.S. MANAGEMENT GROUP LLC, et al.,

    Relief Defendants.
_____/

**RECEIVER'S *UPDATED* FINAL REPORT, *AMENDED* UNOPPOSED MOTION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, AND *AMENDED* REQUEST FOR DISCHARGE[1]**

Pursuant to paragraphs 46 and 47 of Section XII of the Order Granting Plaintiff Securities and Exchange Commission's Motion for Appointment of Receiver [DE 20] (the "Appointment Order"), Jeffrey C. Schneider, not individually, but solely in his capacity as the Court-appointed Receiver (the "Receiver") for Natural Diamonds Investment Co. ("NDIC"), Eagle Financial Diamond Group, Inc. ("EFDG"), and Argyle Coin, LLC ("Argyle") (collectively, the "Receivership Entities"), submits his Fourteenth and Final Quarterly Status Report, together with

---

[1] In light of this Court's December 7, 2022 order, the Receiver is resubmitting this motion without the request for a permanent injunction as to the Receivership entities. While the Receiver has successfully requested this relief in other cases and believes it is helpful to provide a clean end for the Receivership entities, it is not necessary to be included here. Moreover, as no party had objected to the Receiver's request for compensation or discharge during the pendency of the motion, the Receiver is amending this request to focus on the requests for compensation and discharge. Lastly, the Receiver is updating his report to reflect that the distribution is now complete.

his final request for compensation of fees and expenses, and, pursuant to paragraph 47(H) of the Appointment Order, recommends and requests that he be discharged. The Receiver has consulted with counsel for the SEC, the sole remaining party, as to the request for compensation and discharge, and the SEC does not object to the relief sought herein.

## I.   FINAL REPORT

In the last quarter, my team and I followed up with claimants to confirm that all distributions had been received, communicated with the IRS about continued requests to waive penalties and filed tax returns, and otherwise prepared to wind down this receivership.

### A. A Summary of the Operations of the Receiver

#### 1. The claims distribution

As the Court is aware, the Court approved the Receiver's proposal [DE 316] for distribution to claimants, and we commenced the distribution process. As of the date of this updated report, all checks for distribution have been cashed and have cleared the Receivership account.

Pursuant to the agreement with Gold7, LLC ("G7"), G7 continues to use its best efforts to sell the remaining pieces that were returned to G7 for the mutual benefit of G7 and the Receivership and to periodically report to me on its progress. As of the writing of this report, those remaining pieces have not yet netted enough to further benefit the Receivership Estate.

#### 2. Other Pending Lawsuits

As I noted above, I continue to communicate with the lawyers and presiding judges in the known pending cases against the Receivership Entities, the Seigels, and/or Aman to confirm that the various courts are observing the stay of those other lawsuits. Many of the courts continue to send out requests for status reports, and because we have completed the distribution, I have continued to try to work with the attorneys who represent the plaintiffs in those cases to drop the

Receivership Entities from the lawsuits or to otherwise advise the judges that relief against the Receivership Entities has been obtained in this case. The Receiver takes no position as to how any pending litigation may proceed against any of the named individuals.

### 3. Communications with Victims and Investors

I continue to update the Receivership website with court filings and other information for investors. My staff, professionals, and I regularly communicate with investors, who call regularly to inquire about the status of the distribution process. My staff and I strive to respond to inquiries fully, yet efficiently, given the limited amount of funds available.

### B. The Amount of Cash on Hand, the Amount and Nature of Accrued Administrative Expenses and the Amount of Unencumbered Funds in the Estate

As of November 30, 2022, there was $87,251.97 in the receivership bank account. The amounts remaining have been escrowed for the potential tax liability ($16,816.58) and earmarked for Receivership fees and expenses. The Receiver has deferred compensation (50% of his fees approved in his tenth application, and 100% of his fees in the eleventh application) as noted in the prior orders approving his fee applications that has not yet been paid.

At long last, the IRS has written to confirm that it is waiving $7,380 of the pre-receivership penalty, and it has requested additional time for consideration of the other waiver requests. At a minimum, the amount required for the potential penalties is now only $9,436.58.

Also, during the distribution and diamond return process, the individuals who received their diamonds back reimbursed the Receivership for the amounts expended to retrieve and safeguard those diamonds. A total of $4,550 was received and deposited into the Receivership bank account as a refund to the estate for Receivership fees that were incurred and paid for that process.

3

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Miami Tower, 100 SE 2nd Street, 36th Floor, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

C.  **A Schedule of All the Receiver's Receipts and Disbursements (Attached as Exhibit A to the Quarterly Status Report), with One Column for the Quarterly Period Covered and a Second Column for the Entire Duration of the Receivership**

Attached as Exhibit A is the required schedule of my receipts and disbursements during the subject quarterly period (the "SFAR").

D.  **A Description of All Known Receivership Property, Including Approximate or Actual Valuations, Anticipated or Proposed Dispositions, and Reasons for Retaining Assets Where No Disposition Is Intended**

In the last quarter, no new diamonds, funds, or other items were obtained, other than the proceeds from the sale of the remaining rough diamonds. Therefore, I will simply refer to my prior reports, incorporated here by reference, for a detailed explanation of the property maintained on hand.

E.  **A Description of Liquidated and Unliquidated Claims Held by the Receivership Estate, Including the Need for Forensic and/or Investigatory Resources; Approximate Valuations of Claims; and Anticipated or Proposed Methods of Enforcing Such Claims (Including Likelihood of Success in: (i) Reducing the Claims to Judgment; and (ii) Collecting Such Judgments)**

Throughout my appointment, I have been mindful and sensitive of the issue of expenses and the necessity for efficiency regarding any potential claims to be brought on behalf of the Receivership Estate. As noted in my last report, I will not be bringing any additional claims and am now seeking to be discharged and to terminate this receivership, as I have now administered all of the assets, with the exception of the uncleared check.

4

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Miami Tower, 100 SE 2nd Street, 36th Floor, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

**F. A List of All Known Creditors with Their Addresses and the Amounts of Their Claims**

According to the SEC's forensic work, and as proven by the amount set forth in the claims I received, it appears that the Receivership Entities raised at least $30 million. The amount of allowed claims was over $28 million. The precise amounts of each of those claims as approved were included as an attachment to the Distribution Motion, as modified by the two adjustments discussed in the preceding report. I will not reiterate those reports here.

**G. The Status of Creditor Claims Proceedings, after Such Proceedings Have Been Commenced**

I detailed the status of the claims procedure above in section A and the status of all lawsuits brought by investors. As referenced above, I asserted two objections to claims that were based on what the claimants asserted were overpayments for diamonds purchased from a non-receivership entity (one operated by the Seigels) more than 10 years earlier. Those claims totaled $201,900. I reserved $16,152 as potential payment for those claims, if my objections are not sustained (that is the equivalent of 8% of those claims). I gave notice of my objection to those claimants on April 15, 2022, and they therefore had until May 31, 2022 to respond to my objection. Neither responded by that deadline, although one claimant (with the smaller claim) responded in June, and my team continues to attempt to resolve that objection, even though my objection could be deemed to be sustained. If paid, the amount reserved for that claim is $2,082.06. If not paid, the amount reserved could be applied toward the shortage reserved for Receivership fees and costs. Pursuant to this Court's prior order, the other objection is deemed sustained because the claimant did not respond.

5

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Miami Tower, 100 SE 2nd Street, 36th Floor, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

### H. The Receiver's Recommendations for a Continuation or Discontinuation of the Receivership and the Reason for the Recommendations

I recommend that the Receivership be terminated by the Court. All that remains at this time is to dissolve the companies (which can be done with the discharge order), seek permission to destroy the documents and records that I took possession of, and make final tax reports. Beyond that, I do not anticipate a need for this Receivership to continue, so I recommend a discontinuation of this Receivership, but affording the Receiver the authority to take the steps referenced above.

## II.  APPLICATION FOR PAYMENT OF FEES AND EXPENSES

Pursuant to this Court's order authorizing the Receiver's proposed distribution plan, the Receiver was holding $45,183.42 to pay the fees for the Receiver and his professionals to administer the estate through the end of the receivership, but the fees have exceeded the amount reserved, so the Receiver first proposed a 50% holdback on fees, then proposed a 100% holdback on fees to ensure that the Receivership Estate has enough funds for any unforeseen issues, even if that meant the Receiver and his counsel would not be not fully compensated. At this time, because the Receivership is now coming to a close, and because there is now only a partial remaining tax liability for which a reserve is necessary and one small objection being resolved, the Receiver now seeks approval of his final fees and permission to pay himself and his professionals from the amounts remaining in the reserves. This is done with the understanding that such payment will not fully compensate the Receiver and his professionals for their approved fees or compensate them for the close-out work remaining to be done. However, at this time, the Receiver submits that sufficient reserves remain for the end of the Receivership and the rest may be paid to the Receiver and his professionals.

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Miami Tower, 100 SE 2nd Street, 36th Floor, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

Case No. 9:19-CV-80633-ROSENBERG

Importantly, because of the scarcity of funds, the Receiver has again elected not to bill for his time in this quarter, and has performed his services without seeking compensation. Instead, he has allowed his professionals to bill their time.

### A. Information about this Fee Application

This Application has been prepared in accordance with the SEC's Billing Instructions for Receivers in Civil Actions Commenced by the SEC. Pursuant to the Billing Instructions, Exhibit B attached hereto is a Certification by the Receiver confirming, under oath, that this Fee Application complies with the SEC's Billing Instructions.

Exhibit A referenced above is the updated quarterly Standardized Fund Accounting Report, also known as the SFAR, which is the SEC's accounting form required in civil receivership actions commenced by the SEC.

Exhibit C attached hereto memorializes the professional services rendered by the Receiver's professionals at Levine Kellogg Lehman Schneider + Grossman LLP, and the necessary and reasonable non-reimbursed out-of-pocket costs attendant to their services, which are described more fully below.

Exhibit D attached hereto memorializes the professional services rendered by the Receiver's accountants at Kaufman & Company, P.A., which are described more fully below.

Exhibit E is a proposed Order granting not only this application, but all of the relief sought herein.

### B. The Receiver's Counsel and Their Services

The Receiver's firm (Levine Kellogg Lehman Schneider + Grossman LLP) agreed to a reduced fee cap of $350.00 during the life of this case. The Receiver has endeavored to prevent duplication of efforts by his attorneys.

7

As stated above, the professional services rendered by the Receiver's firm, and the necessary and reasonable non-reimbursed out-of-pocket costs attendant to those services, are described in more detail on Exhibit C. Exhibit C was prepared based on the Receiver's firm's contemporaneous daily time records, and includes a daily description of the services rendered, the hours expended, and the attorney's reduced hourly rate. The Receiver's partner, Stephanie Reed Traband, who serves as co-counsel, billed a total of 14.7 hours, at a reduced hourly rate of $350.00 per hour, for a total of $5,145.00. Associates Marcelo Diaz-Cortes and Gabriel Lievano spent 0.6 and 0.2 hours respectively at a reduced rate of $275.00 per hour, for a total of $220.00 for associate time. Finally, the Receiver's paralegal billed a total of 3.7 hours, at a reduced hourly rate of $150.00 per hour, for a total of $555.00. Exhibit C also reflects that the Receiver's firm incurred costs of $337.63 during the subject period.

The schedules of disbursements for expenses, which are also part of the attached Exhibits, are those actual and necessary expense items, such as postage and delivery charges. All of these expense items would typically be billed by the Receiver and his professionals to their general commercial clients.

### C. The Receiver's Accountants

The Receiver's accountants agreed to a reduced scale of hourly fees in this case, with the senior accountant billing at $382.50/hour, and others below him billing at similarly reduced amounts.

As stated above, the professional services rendered by the Receiver's accounting firm, Kaufman & Company, P.A., are described in more detail on Exhibit D, but primarily consist of preparation and filing of the tax returns for the Receivership Entities. Exhibit D was prepared based on the firm's contemporaneous daily time records, and includes a daily description of the services rendered, the hours expended, and the timekeeper's reduced hourly rate. Accountant

8

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Miami Tower, 100 SE 2nd Street, 36th Floor, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

Dana Kaufman billed a total of 2 hours at a reduced hourly rate of $382.50, for a total of $765.00. Director Michael O'Rourke billed a total of 7.5 hours at a reduced hourly rate of $361.25, for a total of $2,709.38.

### D. Summary Chart

For the Court's convenience, the following is a summary of the total fees and costs of the Receiver and his professionals during the subject period covered by this Fee Application:

| Name | Hours | Fees | Expenses | Total |
|---|---|---|---|---|
| Receiver | Pro bono | Pro bono | $0 | $0 |
| Levine Kellogg Lehman Schneider + Grossman LLP | 18.70 | $5,745.00 | $337.63 | $6,082.63 |
| Kaufman & Company, P.A. | 9.6 | $3,474.38 | $0 | $3,474.38 |
| **Total** | **28.3** | **$9,219.38** | **$337.63** | **$9,557.01** |

### E. Applicable Legal Standard and Analysis

In determining attorneys' fees, a court must (1) determine the nature and extent of the services rendered; (2) determine the value of those services; and (3) consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d. 714 (5th Cir. 1974). *See Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 877-78 (11th Cir. 1990) (bankruptcy fee award case addressing the issue of attorney's fees generally before considering specific requirements in the bankruptcy context). The twelve factors set forth in *Johnson*, a case involving an award of attorneys' fees under Federal civil rights statutes, as incorporated by the Eleventh Circuit in *Grant*, a bankruptcy case, are:  (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion

9

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Miami Tower, 100 SE 2nd Street, 36th Floor, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or by the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In prior applications, we have walked through each of the *Johnson* factors to demonstrate how the fees sought by the Receiver throughout this case are appropriate and reasonable, and we adopt that analysis here.

### III.     REQUEST FOR DISCHARGE AND AUTHORITY TO DESTROY RECORDS

Pursuant to the Appointment Order, the Receiver is to make recommendations to the Court as to when he believes the estate has been fully administered, at which time the Receiver can be discharged. As noted in the Receiver's periodic status reports to the Court, including this one, the Receiver has now fully administered the estate.  All that remains is to await the final determination by the IRS as to tax penalties and to submit final tax returns, to resolve or pay the final claim, and to destroy the records that the Receiver has maintained since he secured them at the time he was appointed.  The Receiver secured multiple boxes full of records for the Receivership Entities.  He requests permission to destroy all records for which there is not otherwise a statutory or other obligation to retain.  The Receive proposes to use any funds remaining after payment of the prior fee applications, this application, and any tax penalties, toward the payment of fees incurred with the final tax payments and this requested records destruction.

Accordingly, the Receiver hereby reports that he has completed his duties under the Appointment Order and he does not believe that his services are required any longer. Accordingly,

10

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Miami Tower, 100 SE 2nd Street, 36th Floor, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

the Receiver requests an order discharging him as Receiver and releasing him from further liabilities, responsibilities and duties in connection with this matter.

## IV. CONCLUSION

Based on the foregoing authorities and arguments, the Receiver respectfully requests that this Court enter an order (1) accepting this as the Receiver's Final Report; (2) authorizing payment of the Receiver's professionals at LKLSG of $5,745.00 in fees and $337.63 in expenses for a combined total of $6,082.63; (3) authorizing payment of the Receiver's professionals at Kaufman & Company, P.A. in the amount of $3,474.38; (4) authorizing the Receiver to utilize reserved funds, as appropriate, to pay for the prior unpaid, but approved, fee applications by the Receiver or to otherwise be applied toward the costs of closing the estate; (5) giving the Receiver authority to resolve or pay the final objected claim in his discretion; (6) giving the Receiver the authority to dissolve the corporations and make final tax returns; and (7) authorizing the Receiver to destroy records not required to be kept; and (9) discharging the Receiver from any further liabilities, responsibilities, or duties.

Dated: December 7, 2022

Respectfully submitted,
**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Co-Counsel for the Receiver*
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, FL 33131
Tel.: (305) 403-8788
Fax: (305) 403-8789

s/ Stephanie Reed Traband
Email: srt@lklsg.com; cf@lklsg.com
Florida Bar No. 0158471

11

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Miami Tower, 100 SE 2nd Street, 36th Floor, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

Case No. 9:19-CV-80633-ROSENBERG

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Stephanie Reed Traband
STEPHANIE REED TRABAND

**SERVICE LIST**

*Counsel for Securities and Exchange Commission:*
Amie Riggle Berlin, Esq.
Linda S. Schmidt, Esq.
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Email: berlina@sec.gov

*Counsel for Harold Seigel, Jonathan Seigel, and H.S. Management Group LLC:*
Ellen M. Kaplan, Esq.
Law Office of Ellen M. Kaplan P.A.
9900 W Sample Rd Fl 3
Coral Springs, Florida 33065
Email: ellenkaplanesq@aol.com

*Counsel for Gold 7 of Miami, LLC:*
Aaron Resnick, Esq.
Law Offices of Aaron Resnick, P.A.
100 Biscayne Boulevard, Suite 1607
Miami, Florida 33132
E-mail: aresnick@thefirmmiami.com

*Counsel for Winners Church, Frederick Shipman, and Whitney Shipman:*
Carl Schoeppl, Esq.
Terry A.C. Gray, Esq.
Schoeppl Law, P.A.
4651 North Federal Highway
Boca Raton, Florida 33431
Email: carl@schoeppllaw.com
tgray@schoeppllaw.com