UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CV-80633-ROSENBERG

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

NATURAL DIAMONDS INVESTMENT
CO., et al.,

    Defendants.
_____/

**FINAL JUDGMENT OF PERMANENT
INJUNCTION AND OTHER RELIEFAGAINST
DEFENDANTS NATURAL DIAMONDS INVESTMENT CO.,
EAGLE FINANCIAL DIAMOND GROUP, INC., AND ARGYLE COIN LLC**

**THIS MATTER** is before the Court upon the Motion by Plaintiff Securities and Exchange Commission for entry of a Final Judgment of Permanent Injunction and Other Relief ("Final Judgment") against Defendants Natural Diamonds Investment Co., Eagle Financial Diamond Group Inc., and Argyle Coin LLC (collectively "Corporate Defendants"). The Corporate Defendants having entered a general appearance; consented to the Court's jurisdiction over Corporate Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

## **PERMANENT INJUNCTION**

### A. Section 17(a)(1) of the Securities Act

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Corporate Defendants are permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment in securities;

(B) the prospects for success of any product or company;

(C) the use of investor funds;

(D) the safety of any securities investment;

(E) the use of investor funds or investment proceeds;

(F) Orders issued against the Corporate Defendants by State or Federal Enforcement Agencies;

(G) the financial status of the Corporate Defendants; or

(H) the management of the Corporate Defendants.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of the Corporate Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Corporate Defendants or with anyone described in (a).

### B. Section 17(a)(3) of the Securities Act

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Corporate Defendants are permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment in securities;

(B) the prospects for success of any product or company;

(C) the use of investor funds;

(D) the safety of any securities investment;

(E) the use of investor funds or investment proceeds;

(F) Orders issued against the Corporate Defendants by State or Federal Enforcement Agencies;

(G) the financial status of the Corporate Defendants; or

(H) the management of the Corporate Defendants.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of the Corporate Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Corporate Defendants or with anyone described in (a).

C. **Section 10(b) and Rule 10b-5(a) of the Exchange Act**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Corporate Defendants are hereby restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5(a) promulgated thereunder, 17 C.F.R. § 240.10b- 5(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment in securities;

(B) the prospects for success of any product or company;

(C) the use of investor funds;

(D) the safety of any securities investment;

(E) the use of investor funds or investment proceeds;

(F) Orders issued against the Corporate Defendants by State or Federal Enforcement Agencies;

(G) the financial status of the Corporate Defendants; or

(H) the management of the Corporate Defendants.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of the Corporate Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Corporate Defendants or with anyone described in (a).

### D. Section 10(b) and Rule 10b-5(c) of the Exchange Act

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Corporate Defendants are hereby restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act  15 U.S.C. § 78j(b) and Rule 10b-5(c) promulgated thereunder, 17 C.F.R. § 240.10b-5(c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security,  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or

information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment in securities;

(B) the prospects for success of any product or company;

(C) the use of investor funds;

(D) the safety of any securities investment;

(E) the use of investor funds or investment proceeds;

(F) Orders issued against the Corporate Defendants by State or Federal Enforcement Agencies;

(G) the financial status of the Corporate Defendants; or

(H) the management of the Corporate Defendants.

**IT IS FURTHER ORDERED, ADJUDGED AND** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of the Corporate Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Corporate Defendants or with anyone described in (a).

### E.  Sections 5(a) and 5(c) of the Securities Act

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Corporate Defendants are hereby enjoined from violating Section Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)  Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce

     or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of the Corporate Defendants' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Corporate Defendants or with anyone described in (a).

## II.

## DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that disgorgement of ill-gotten gains, including prejudgment interest, against the Corporate Defendants is appropriate as

follows: (a) Natural Diamonds Investment Co. is liable for disgorgement of $9,576,011.28, plus prejudgment interest of $1,743,515.75; (b) Eagle Financial Diamond Group Inc. is liable for disgorgement of $14,895,060.40, plus prejudgment interest of $2,711,961.34; and (c) Argyle Coin LLC is liable for disgorgement of $5,624,519.44, plus prejudgment interest of $1,024,062.94. These amounts are hereby deemed satisfied by the amounts the Receiver, Jeffrey Schneider, has previously collected and distributed to investors in this case.

### III.

### CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that the Commission's request for civil penalties sought in the Complaint has been voluntary dismissed.

### IV.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Consent of the Corporate Defendants to Entry of a Final Judgment of Permanent Injunction and Other Relief filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and the Corporate Defendants shall comply with all of the undertakings and agreements set forth therein.

### V.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Final Judgment.

### VI.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida on this 18th day of October, 2023.

**ROBIN L. ROSENBERG**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel and Parties of Record